1   JODY A. LANDRY, Bar No. 125743
    jlandry@littler.com
2   MISHELL P. TAYLOR, Bar No. 256850
    mtaylor@littler.com
3   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
4   San Diego, CA  92101.3577
    Telephone:  619.232.0441
5   Facsimile:   619.232.4302

6   Attorneys for Defendants
    KMART CORPORATION AND DONALD
7   NEUMANN

8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11  KARINA NAVA, an individual,          Case No.  CV 11-06863-PSG(MANx)

12              Plaintiff,
                                         **PROTECTIVE ORDER**
13  v.                                   **ENTERED UPON THE PARTIES'**
                                         **JOINT MOTION**
14  K MART CORPORATION, a
15  Michigan Corporation; DONALD
    NEWMAN, an individual; and DOES
16  1 through 50 inclusive,

17              Defendant.

18

19          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the

20  parties' Joint Motion for Protective Order ("Joint Motion") filed on June 11, 2012, the

21  terms of the protective order to which the parties have agreed are adopted as a

22  protective order of this Court (which generally shall govern the pretrial phase of this

23  action) except to the extent, as set forth below, that those terms have been

24  substantively modified by the Court's amendment of paragraphs 3, 7, 8, and 11.

25          The parties are expressly cautioned that the designation of any information,

26  document, or thing as confidential or other designation(s) used by the parties, does

27  not, in and of itself, create any entitlement to file such information, document, or

28  thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order

1   or to the parties' designation of any information, document, or thing as confidential or
2   other designation(s) used by the parties, is wholly insufficient to warrant a filing under
3   seal.

4          There is a strong presumption that the public has a right of access to judicial
5   proceedings and records in civil cases.  In connection with non-dispositive motions,
6   good cause must be shown to support a filing under seal.  The parties' mere
7   designation of any information, document, or thing as confidential or other
8   designation(s) used by parties, does not -- **without the submission of competent**
9   **evidence, in the form of a declaration or declarations, establishing that the**
10  **material sought to be filed under seal qualifies as confidential, privileged, or**
11  **otherwise protectable** -- constitute good cause.

12         Further, if sealing is requested in connection with a dispositive motion or trial,
13  then compelling reasons, as opposed to good cause, for the sealing must be shown,
14  and the relief sought shall be narrowly tailored to serve the specific interest to be
15  protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir.
16  2010).  For each item or type of information, document, or thing sought to be filed or
17  introduced under seal in connection with a dispositive motion or trial, the party
18  seeking protection must articulate compelling reasons, supported by specific facts and
19  legal justification, for the requested sealing order.  **Again, competent evidence**
20  **supporting the application to file documents under seal must be provided by**
21  **declaration.**

22         Any document that is not confidential, privileged, or otherwise protectable in its
23  entirety will not be filed under seal if the confidential portions can be redacted.  If
24  documents can be redacted, then a redacted version for public viewing, omitting only
25  the confidential, privileged, or otherwise protectable portions of the document, shall
26  be filed. Any application that seeks to file documents under seal in their entirety
27  should include an explanation of why redaction is not feasible.

28  ///

Case No.  CV 11-06863-PSG(MANx)

1   Notwithstanding any other provision of this Protective Order, in the event that
2   this case proceeds to trial, all information, documents, and things discussed or
3   introduced into evidence at trial will become public and available to all members of
4   the public, including the press, unless sufficient cause is shown in advance of trial to
5   proceed otherwise.

6
7                          **TERMS OF PROTECTIVE ORDER**
8

9         1.    Documents and other information produced to Plaintiff during the course
10  of this litigation pertaining to Defendant's proprietary employee training material
11  identified in Defendant's Amended Initial Disclosures, may be designated as
12  confidential prior to such production.  Confidential information is information that has
13  not been made public or is not otherwise available or accessible in the public domain.

14        2.    Confidential documents shall be so designated by stamping copies of the
15  document produced to a party with the legend "CONFIDENTIAL."  Stamping the
16  legend "CONFIDENTIAL" on the cover or first page of any multi-page document
17  shall designate all pages of the document as confidential, unless otherwise indicated
18  by the producing party.

19        3.    Testimony taken at a deposition may be designated as confidential by
20  making a statement to that effect on the record at the deposition within ten (10) court
21  days after the receipt of the deposition transcript.  Arrangements shall be made with
22  the court reporter taking and transcribing such **deposition** to separately bind such
23  portions of the transcript containing information designated as confidential, and to
24  label such portions appropriately.

25        4.    Material designated as confidential under this Protective Order, the
26  information contained therein, and any summaries, copies, abstracts, or other
27  documents derived in whole or in part from material designated as confidential
28  (hereinafter "Confidential Material") shall be used only for the purpose of the

1  prosecution, defense, or settlement of this action, and for no other purpose.

2       5.    Confidential Material produced pursuant to this Protective Order may be

3  disclosed or made available only to:  the Court or other trier or determiner of fact; a

4  mediator who has been mutually agreed upon by the parties; counsel for a party

5  (including the paralegal, clerical, and secretarial staff employed by such counsel); and

6  the "qualified persons" designated below:

7           a.    experts or consultants (together with their clerical staff) retained by

8                such counsel to assist in the prosecution, defense, or settlement of

9                this action;

10           b.    court reporter(s) employed in this action;

11           c.    a witness at any deposition or other proceeding in this action; and

12           d.    any other person as to whom the parties in writing agree.

13  Prior to receiving any Confidential Material, each "qualified person" shall be provided

14  with a copy of this Protective Order and shall execute a nondisclosure agreement in

15  the form of Attachment A prior to receiving any Confidential Material.  The fully-

16  executed Nondisclosure Agreement shall be retained by counsel for the party

17  disclosing such Confidential Material to the qualified person.

18       6.    Where testimony at a deposition involves disclosure of Confidential

19  Material, such deposition shall be taken only in the presence of the individuals

20  identified in paragraph 5.

21       7.    If Confidential Material, including any portion of a deposition transcript

22  designated as Confidential, is included in any papers to be filed with the Court, such

23  papers shall be labeled "Confidential."  Before the party may file any pleadings or

24  papers containing, attaching, referring, or otherwise revealing any Confidential

25  Material, the party must **seek** an order of the Court, pursuant to Local Rule 79-5 **and**

26  **based on a competent evidentiary showing,** for permission to file the pleadings

27  under seal.

28       8.    In the event that any Confidential Material is **to be** used in any Court

proceeding in this action, the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

9.    This Protective Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

10.    This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11.    **By agreement of the parties,** the terms and conditions of this Protective Order shall apply retroactively to the time of commencement of this case in the Superior Court for the County of Los Angeles.

12.    This Protective Order shall survive the final termination of these proceedings, to the extent that the information contained in Confidential Material is not or does not become known to the public.  Upon termination of these proceedings, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

///

///

Case No.  CV 11-06863-PSG(MANx)

1    13.    This Protective Order is subject to modification by stipulation or by

2   further order of the Court.

3    **IT IS SO ORDERED.**

4   Dated:  August 21, 2012

5   ____                                                              ____

6                                    MARGARET A. NAGLE

7                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  CV 11-06863-PSG(MANx)

1

2 **ATTACHMENT A**

3 **NONDISCLOSURE AGREEMENT**

4        I, _____, do solemnly swear that I am fully

5 familiar with the terms of the Protective Order entered in <u>Karina Nava v. Kmart</u>

6 <u>Corporation, et al</u>, United States District Court Case No. CV 11-06863-PSG(MANx),

7 and hereby agree to comply with and be bound by the terms and conditions of said

8 Protective Order unless and until modified by mutual agreement of the parties to these

9 proceedings or by order of the United States District Court.  I hereby consent to the

10 jurisdiction of the United States District Court, Central District of California, for

11 purposes of enforcing this Protective Order.

12

13 Dated: _____

14                                            _____

15                                            Name:_____

16                                            Address:_____

17                                            _____

18

19

20

21

22

23

24

25

26

27

28

    Case No.  CV 11-06863-PSG(MANx)